**DE SALES STREET CORPORATION, a Corporation, Appellant,**

v.

**BROADCASTING PUBLICATIONS, Inc., a Corporation, Appellee.**

No. 2228.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 11, 1958.

Decided Sept. 10, 1958.

Herman Miller, Washington, D. C., for appellant.

Raymond Gittelman, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

This litigation involves possession of a parking lot at 1713–1715 DeSales Street.

Plaintiff leased the property to defendant for a term of five years, commencing September 1, 1953. Included in the lease was a clause by which lessee (defendant below) agreed to vacate the property on 60 days' notice "in the event of a bona fide sale of said premises *or in the event Landlord desires premises for his own use.*" (The italicized words are here involved.)

On January 20, 1958, when the lease was within seven months of expiration, lessor gave lessee the specified 60 days' notice of termination. Lessee refused to honor the notice, and on March 24, 1958 lessor filed this action. A jury awarded possession to plaintiff, and defendant brings this appeal.

The first of two errors assigned relates to the action of the trial judge in ruling as a matter of law (and refusing to submit to the jury) that the lease entitled plaintiff company to serve notice and demand possession, on showing that it desired the property for its own use.

It was uncontradicted that plaintiff company owned lots immediately to the east and to the west of the property in suit and had contracted to have constructed—and in fact had construction already under way—a four story parking garage which was to cover the several lots. It was also shown that plaintiff company intends to operate the structure as a public parking facility.

■■ Appellant contends here, as it did in the trial court, that lessor could only claim the property for its "own use" if it intended to use it for its established business of publishing and was not permitted to repossess the property to build a garage as "commercial parking." We agree with the trial court that this was not a jury question. We think there is no room here for doubt, and no area of conflicting or differing inferences. We

think all reasonable men would have to agree that lessor had a proper and legitimate basis for demanding repossession of its property when it did. The lease did not give defendant an absolute and undeterminable right to stay in possession for the full five-year term; the lease specifically reserved to lessor the express right and option to bring the tenancy to an end upon the happening of either of two contingencies. Construction of the lease was for the court, not the jury.

 An officer of defendant company testified as to an understanding at the time the lease was made that lessor could have its property back for use in its publishing business. This evidence was without probative value or legal effect because (a) it could not be permitted to vary the terms of the formal written lease, and (b) it was in effect a layman's interpretation of a legal question. Certainly the trial judge could not properly have submitted this legal question to the jury. He was right in telling them that "own use" included and authorized the use intended by plaintiff.

Appellant refers to cases dealing with "good faith," "personal use," etc., decided under the erstwhile Emergency Rent Control Act. Such cases have no application here; they construed a war-time emergency statute which froze rents and tenancies of dwelling property in order to combat profiteering and other evils, and which as a matter of public policy dictated a different interpretative approach. In the case before us we have two business corporations which contracted a lease of business property. That lease should be given a sensible and reasonable construction to the end that its plain, natural meaning shall be observed. Such was done by the trial judge.

 The second assignment of error is that plaintiff should not have been permitted to prevail because it had not, prior to demanding possession, tendered reimbursement to defendant for amounts spent on improvements. The lease required lessor to make reimbursement for such expenditures on a prorata basis "in the event landlord exercises this option." The lease did not make advance tender of such payment a condition precedent, and we know of no rule of law which, in the absence of a contract provision, creates such an obligation.

Affirmed.